VAN ARMAN (GILBERT v.). See Case No. 5,414.

## Case No. 16,828.

In re VAN AUKEN et al.

[14 N. B. R. 425.] [1]

District Court, W. D. Michigan.  June 13, 1876.[2]

BANKRUPTCY—VALIDITY OF COMPOSITION—VOLUNTARY PETITION.

1. Where a composition is made before adjudication, the mere fact that the debtor retains the possession of his assets is no ground for refusing to ratify it.
[Cited in Ex parte Hamlin, Case No. 5,993; Re Wilson. Id. 17,781.]

[1] [Reprinted by permission.]
[2] [Affirmed by circuit court; case unreported.]

2. The omission of the court in a voluntary case to adjudicate the debtor a bankrupt does not defeat a composition made before such adjudication.

3. A provision that the debtor may retain his assets does not defeat a composition, for it is surplusage, and. on the application of a creditor, a warrant may be issued, notwithstanding the terms of the provision.
[Cited in Re Cavan. Case No. 2,528; Re Shaw, 9 Fed. 498.]

4. Creditors who are fully secured need not be reckoned in computing the proportion who must join in composition.

WITHEY, District Judge. May 21st, 1876. [Aaron] Van Auken and [James] Crane filed a voluntary petition, with schedule and inventory, to obtain the benefit of the bankrupt act [of 1867 (14 Stat. 517)]. At the same time they filed a petition asking for composition proceedings. There was no order of adjudication, for the reason that the court was not asked to act upon the petition in that behalf; but there was an order for a meeting of creditors. That meeting was held before Register Burns. of Kalamazoo, and he has certified to the court the proposition made by the debtors, the resolution passed accepting the proposition, and that the resolution was passed by the requisite number and value of creditors, and confirmed by the signatures thereto of debtors, and by two-thirds in number and one-half in value of all creditors proving their debts. Upon notice to creditors we are now to inquire whether the resolution has been passed in the manner required by the composition section. Creditors have appeared, and oppose the recording of the resolution and proceedings had in this case: First. Because the debtors are to remain in possession of their assets, by the terms of the proposition and resolution, with power to dispose of their property before payment of the compromise amount. Second. Because the debtors have never surrendered their assets, nor has there been an adjudication. Third. Because the resolution was not confirmed by the signatures of half in value and two-thirds in number of all creditors in this, that secured creditors have not joined.

The practice of this court, in involuntary cases, has been to permit and approve of composition proceedings, while the assets were in the hands of the debtor, where there has been no adjudication. The composition section expressly permits a composition before as well as after adjudication. The court in bankruptcy does not, without special cause shown to exist, therefore. deprive debtors of the possession of their assets until after adjudication, nor does the law contemplate it or make any provision for doing so. When, therefore, congress saw fit to permit a composition before adjudication. and made no provision what should be done with the debtor's property, pending day of payment given by the creditors, the matter was left in the sound judgment of the court, when the resolution is presented to it. to determine whether,

on the whole case as presented, the composition offered to and accepted by the creditors is for the best interest of all concerned, subject of course to the express provisions of the section. In such a case, where the compromise amount was money down, there would be no occasion to inquire what security the creditors would have. Where notes are given on time, indorsed or signed by responsible third persons whom the creditors signify their acceptance of and satisfaction with, this court has said it was satisfied, and has uniformly left the assets in the hands of the debtors without any restriction as to their disposition. We have believed this would best enable the debtors to provide means with which to pay in money according to the terms of the compromise.

But it is said the debtors may squander the assets and not pay. We say then they will not be discharged from their debts, and will not be entitled to a discharge. The creditors will have the notes and may enforce their payment, or, upon any failure to pay, as the composition provides shall be done, may have the bankruptcy proceedings renewed and proceeded with, when the debtors may be made to account for their assets; and, if they have been guilty of a fraudulent disposition of any part of their assets since filing their petition in bankruptcy, it would debar them a discharge from their debts. We think, when the law authorizes a composition before and without adjudication, it contemplates that it shall be done without the appointment of an assignee or a trustee, and without, therefore, requiring the debtor to surrender his assets. The court is to see that the composition is in all respects judicious, and reasonably safe to all creditors, and, when satisfied it is best for the interest of all concerned, the mere fact that the debtors retain their assets is not an objection.

The question is, whether the court regards the creditors safe under the terms of the composition. I think they are in this case, and the law suffers the court at any time, if payment as per composition is not made, to have a surrender of assets.

The views expressed amount to a denial of the first objection, and indicate that there is no difference whether the proceeding is in a voluntary or an involuntary case, as to debtors retaining possession of the assets and composition before adjudication.

On the second objection, no surrender of assets and no adjudication. In a voluntary case the petition declares willingness to surrender all the debtor's estate, and schedules the same. The filing of the petition is by section 5014 declared to be an act of bankruptcy, and it is made the duty of the court to adjudge them bankrupts. It seems there was an omission to adjudicate the debtors bankrupts on their own petition at the time it was filed. As it was the duty of the court to have done so, and, our attention being called to the omission, it is now our duty so to do, and accordingly the court directs an order of adjudica-

tion to be entered. This we regard as correct. But, notwithstanding the adjudication was not made when petition was filed, the proceeding in bankruptcy was pending from the time the petition to be adjudicated was filed. This is expressly declared by section 4991 of the act. Now, as the proceedings in bankruptcy were pending when the composition proceedings were started, which, according to the composition section, may be at any time when the bankruptcy proceedings are pending, and before as well as after adjudication, the omission of the court to decree the debtors bankrupt, and issue a warrant of seizure, ought not to defeat the composition, and we hold does not. We have now adjudicated the debtors bankrupt, and can issue a warrant of seizure. The law requires this to be done, but we think we have power to stay all further proceedings in the bankruptcy case proper, and permit the composition to be carried out, inasmuch as the composition has been so far perfected, thus leaving the case substantially where an involuntary case would be if a composition was had therein before adjudication. The fact that the proposition for composition stipulates for the debtors retaining their assets is not regarded as fatal to the composition. We regard it as no part of the proposition authorized by the statute, and is purely surplusage. It binds no one, neither the creditors nor the court. On application of any creditor a warrant of seizure may issue, notwithstanding the terms of the proposition as to retention by the debtors of their assets.

The third objection is not well taken, as we hold that secured creditors are not to participate in the composition. If any creditor has a debt partially secured, he may prove the debt in excess of the security, to be allowed by the court; so says the composition section. There is no such proof in this case.

Let an order be entered staying all further proceedings in the bankruptcy case, except as to the composition, until the further order of the court. We have signed the necessary order, reciting our findings as drafted, with such modifications as the case requires, and the order will indicate our conclusions. If there are doubtful questions in this case, they are open for supervision by the circuit judge, and we shall be glad to have them reviewed and settled.

We do not regard it obligatory on us to appoint a trustee to take possession of a debtor's assets in every case, because another district court in bankruptcy has seen fit, in a proper case, to take that course. We should appoint a trustee in a proper case, but it does not follow that it should be done in this case. The law nowhere requires it, and we do not believe it would be error to appoint or refuse to appoint a trustee. That is largely a question of a prudential character.

The above opinion was affirmed by the Hon. H. H. Emmons, circuit judge, July 27th, 1876, after an oral argument on both sides. [Case unreported.]